REC 0601072

ORIGINAL

FILED
SEP 5 2007
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

THOMAS H. ASKINS, JR. and EVALYN ASKINS
879 Winwood Drive
Virginia Beach, VA 23451,

and

J. BRIAN DONNELLY and PATRICIA G. DONNELLY
1351 Penguin Circle
Virginia Beach, VA 23451,

07-650 L

and

PAUL E. WEISBERG and CONSTANCE H. WEISBERG
509 Winston Salem Avenue
Virginia Beach, VA 23451,

and

JAMES H. BERGEY, JR. and ROSE ANN M. BERGEY
2117 Mt. Pleasant Road
Chesapeake, VA 23322,

and

MORRIS L. DEAL and NANCY M. DEAL
1332 Land of Promise Road
Chesapeake, VA 23322,

1337 Land of Promise Road
Chesapeake, VA 23322,

*For themselves and on behalf of*
*a class of persons similarly situated,*

*Plaintiffs,*

-vs-

No. ____________

THE UNITED STATES OF AMERICA,

*Defendant.*

## CLASS ACTION COMPLAINT
## FOR INVERSE CONDEMNATION

Plaintiffs, for themselves and for a class of persons similarly situated, sue the Defendant, The United States of America, and for their complaint state:

### PARTIES AND JURISDICTION

1. Plaintiffs are the person or persons who owned the properties at all relevant times that are identified as follows:

(a) Thomas H. Askins, Jr. and Evalyn Askins, 879 Winwood Drive, Virginia Beach, VA 23451;

(b) J. Brian Donnelly and Patricia G. Donnelly, 1351 Penguin Circle, Virginia Beach, VA 23451;

(c) Paul E. Weisberg and Constance H. Weisberg, 509 Winston Salem Avenue, Virginia Beach, VA 23451;

(d) James H. Bergey, Jr. and Rose Ann M. Bergey, 2117 Mt. Pleasant Road, Chesapeake, VA 23322; and

(e) Morris L. Deal and Nancy M. Deal, 1332 Land of Promise Road, Chesapeake, VA 23322, and Nancy M. Deal also owns 1337 Land of Promise Road, Chesapeake, VA 23322. These properties are across from one another on opposite sides of the road.

2. Defendant is the United States of America, acting through the Department of Defense, Department of the Navy, in operating NAS Oceana in Virginia Beach, Virginia and NALF Fentress in Chesapeake, Virginia. NALF Fentress is used in conjunction with flight operations at NAS Oceana.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) (hereafter, the "Tucker Act") in that this action presents a claim of inverse condemnation against the United States founded upon the Fifth Amendment to the Constitution.

## CLASS ALLEGATIONS

4. Plaintiffs bring this action individually and as the representatives of all members of a plaintiff class pursuant to RCFC 23.

5. The class of persons represented by Plaintiffs is composed of all those persons, the use and enjoyment of whose residential real property was destroyed or substantially interfered with (a) on and after July 1, 1999 by the operations of F/A-18 C/D fighter jets from NAS Oceana and NALF Fentress over and around Plaintiffs' property, which constituted a taking by the United States without payment of just compensation. The class of Plaintiffs are defined as follows:

**Subclass 1 – NAS Oceana**

Owners of all residential properties as of July 1, 1999, located in a noise zone of 65 or more dB DNL in the 1999 Noise Contours for NAS Oceana and in a noise zone of at least 5 dB DNL lower in the 1997 Noise Contours, both as established by Wyle Laboratories, Inc. in Report 97-10 dated February, 1998.

**Subclass 2 – NALF Fentress**

Owners of all residential properties as of July 1, 1999, located in a noise zone of 65 or more dB DNL in the 1999 Noise Contours for NALF Fentress and in a noise zone of at least 5 dB DNL lower in the 1997 Noise Contours, both as established by Wyle Laboratories, Inc. in Report 97-10 dated February, 1998.

6. The class as defined above is definable and manageable. The number of class members is in the thousands and constitutes a class so numerous that joinder of all class members is impracticable. Plaintiffs are members of the class.

7. There are questions of law and fact common to the Plaintiffs and to the proposed class, including but not limited to the following:

a. Whether and when the United States transferred 156 F/A-18 C/D fighter jets to NAS Oceana from other air bases;

b. Whether the six-year statute of limitations has run on the taking claim;

c. Whether and by what magnitude the F/A-18 C/D fighter jets have increased the noise exposure to properties near NAS Oceana and NAL:F Fentress;

d. Whether the noise and related interference with the use and enjoyment of property from the operation of the F/A-18 C/D jets constitute a taking of private property for public use within the meaning of the Fifth Amendment to the Constitution;

e. Whether the United States must pay just compensation to the Plaintiffs for the taking of their property for public use.

f. Whether there is a common methodology for determining damages to the class.

8. Plaintiffs' claims are typical of the claims of the class.

9. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class, they will fairly and adequately protect the interests of the proposed class, and they are represented by counsel skilled and experienced in class actions and in inverse condemnation, takings and eminent domain.

10. The United States' actions are generally applicable to the class as a whole.

11. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.

12. The claims of many individual members are so modest that it is doubtful that they would be pursued on an individual basis due to the time and expense necessary to conduct such litigation. The prosecution of individual actions by members of the class, if pursued on an individual basis, would create the risk of inconsistent or varying adjudications.

## FACTS COMMON TO ALL COUNTS

13. The United States, at all times relevant to this case, operated NAS Oceana in Virginia Beach, Virginia and NALF Fentress is Chesapeake, Virginia.

14. NAS Oceana is located in the densely populated community of Virginia Beach, Virginia. At 5,000 acres, NAS Oceana is the Navy's smallest master jet base. NAS Oceana's main facility consists of two paired 12,000 foot and two paired 8,000 foot runways.

15. NALF Fentress is located in the adjoining community of Chesapeake, Virginia. NALF Fentress is the main airfield used for training by aircraft stationed at NAS Oceana. The combined population of both Virginia Beach and Chesapeake was approximately 545,045, in 1990 according to census data and is appreciably higher now.

16. The Noise Control Act of 1972, 42 U.S.C. § 4901 et seq., requires Federal agencies, and state and local governments to develop measures to control the harmful effects of noise on people.

17. To conform with the Noise Control Act, the Department of Defense initiated the Air Installation Compatible Use Zone ("AICUZ") program to protect the public's health, safety and welfare, and to prevent encroachment on military installations.

18. The AICUZ program, inter alia, identifies land uses that are compatible with noise levels emanating from activities on military installations. One part of the AICUZ program is to prepare a noise study to define noise exposure contours, that is, a map showing a graphical

display of noise impacts from air operations on the surrounding property. The AICUZ map generally shows three noise exposure contours: (a) 65 – 69 dB DNL, (b) 70 – 74 dB DNL, and (c) 75 dB DNL and greater.

19. Defendant, by its internal regulations known as Operational Naval Instructions ("OPNAVINST") and by general publication, has determined that properties located within a 65 dB DNL noise zone and greater are unsuitable for residential development.

20. Defendant has appeared before local governing bodies in the Cities of Virginia Beach and Chesapeake in opposition to any residential development within the 65 dB DNL noise zones around NAS Oceana and NALF Fentress.

**FACTS PERTINENT TO CLASS REPRESENTATIVES**

**Plaintiffs Askins**

21. Plaintiffs Thomas and Evalyn Askins acquired the property at 809 Winwood drive on or about April 25, 1975. They continue to own the property as of the date of this Complaint. The property was located in a <65 dB DNL noise zone prior to the arrival of the F/A-18 C/Ds, and in the 70-74 dB DNL noise zone after their arrival. After the arrival of the F/A-18 C/Ds in 1999, the noise became substantially louder and the flights more frequent. When the jets are flying, the noise regularly interferes with daily activities such as telephone conversations, watching television, and all outdoor activities.

**Plaintiffs Donnelly**

22. Plaintiffs Brian and Patricia Donnelly acquired the property at 1351 Penguin Circle on or about April 12, 1976. They continue to own the property as of the date of this Complaint. The property was located in a <65 dB DNL noise zone prior to the arrival of the F/A-18 C/Ds, and in the 70-74 dB DNL noise zone after their arrival. After the arrival of the

F/A-18 C/Ds in 1999, the noise became substantially louder and the flights more frequent. When the jets are flying, the noise regularly interferes with daily activities such as telephone conversations, watching television, and all outdoor activities.

**Plaintiffs Weisberg**

23. Plaintiffs Paul and/or Constance Weisberg acquired the property at 509 Winston Salem Avenue in or about April 1976. They continue to own the property as of the date of this Complaint. The property was located in a <65 dB DNL noise zone prior to the arrival of the F/A-18 C/Ds, and in the 70-74 dB DNL noise zone after their arrival. After the arrival of the F/A-18 C/Ds in 1999, the noise became substantially louder and the flights more frequent. When the jets are flying, the noise regularly interferes with daily activities such as telephone conversations, watching television, and all outdoor activities.

**Plaintiffs Bergey**

24. Plaintiffs James and Rose Bergey acquired the property at 2117 Mt. Pleasant Road on or about October 13, 1976. They continue to own the property as of the date of this Complaint. The property was located in a 70-74 dB DNL noise zone prior to the arrival of the F/A-18 C/Ds, and in the >85 dB DNL noise zone after their arrival. After the arrival of the F/A-18 C/Ds in 1999, the noise became substantially louder and the flights more frequent. When the jets are flying, the noise regularly interferes with daily activities such as telephone conversations, watching television, and all outdoor activities.

**Plaintiffs Deal**

25. Plaintiffs Miller and Nancy Deal acquired the property at 1332 Land of Promise Road on or about May 1, 1969. Nancy Deal acquired the property at 1337 Land of Promise Road on or about September 1, 1961. They continue to own the properties as of the date of this

Complaint. The properties were located in a 65-69 dB DNL noise zone prior to the arrival of the F/A-18 C/Ds, and in the 80-84 dB DNL noise zone after their arrival. After the arrival of the F/A-18 C/Ds in 1999, the noise became substantially louder and the flights more frequent. When the jets are flying, the noise regularly interferes with daily activities such as telephone conversations, watching television, and all outdoor activities.

**COUNT I**
**(Inverse Condemnation From F/A-18 C/D)**

26. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 24 as if set forth fully herein.

27. In 1993 and 1995, the Department of Defense Base Closure and Realignment Commission ("BRAC") mandated the closure of NAS Cecil Field in Florida, necessitating the relocation of eleven squadrons of F/A-18 C/D fighter aircraft to other Navy and/or Marine Corps air stations.

28. On or about May 18, 1998, Deputy Assistant Secretary of the Navy, Duncan Holaday, directed realignment of nine F/A-18 C/D fleet squadrons (156 aircraft) from NAS Cecil field to NAS Oceana.

29. The first squadron of F/A-18 C/Ds was transferred to NAS Oceana approximately in December 1998. The last squadron arrived around the end of June 1999.

30. The flight paths of the various patterns at NAS Oceana, including the pattern for touch-and-go operations and Field Carrier Landing Practice ("FCLP"), are over and/or in close proximity to the property owned by Plaintiffs.

31. The additional operations from the F/A-18 C/D fighters dramatically increased the number of flight operations at NAS Oceana and NALF Fentress. Further, the F/A-18 C/D fighter

produces significantly higher levels of noise and vibration than predecessor aircraft, such as the F-14. Indeed, the F/A-18 C/D is twice as loud as the F-14.

32. The noise from the regular, frequent and persistent flights of the F/A-18 C/D fighters directly over and in close proximity to Plaintiffs' properties has substantially interfered with the use and enjoyment of Plaintiffs' properties and has diminished the value of Plaintiffs' properties.

33. The substantial interference with the use and enjoyment, and the diminution in value of Plaintiffs' properties constitutes a taking of Plaintiffs' private property for public use by the Defendant.

34. Plaintiffs are entitled to just compensation for the value of the property taken and the diminution in value to the remaining property not taken.

WHEREFORE, Plaintiffs demand a judgment against the United States for just compensation in an amount to be determined at trial to which they are entitled under the Fifth Amendment to the Constitution; for an award pursuant to 42 U.S.C. § 4654 (c) of reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees; and for such further relief as justice demands.

Respectfully submitted,

Date Signed: 9/4/07

Martin E. Wolf

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com

Attorney of Record for Plaintiffs
pursuant to Rule 81(f)

Of Counsel:

Kieron F. Quinn
Richard S. Gordon
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
rgordon@quinnlaw.com

Kristen D. Hofheimer
Jack E. Ferrebee
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
jferrebee@hoflaw.com
chofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Charles Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
scswain@srgslaw.com
clustig@srgslaw.com