July 23, 2000

## Residents may sue over jet noise

By SIMONE SEBASTIAN
© 2000, The Virginian-Pilot

Residents living in jet noise zones around Oceana Naval Air Station may sue the U.S. government, seeking compensation for diminished property values, attorneys organizing the lawsuit say.

The suit would be based on a legal proceeding called ``inverse condemnation.'' Citizens can claim that an action of the federal government has, in effect, ``condemned'' private property for public use, thereby reducing property values.

``The Constitution allows the government to take and use private property for the benefit of the public,'' attorney Steve Swain told more than 50 residents Saturday at a meeting organized by attorneys leading the litigation.

``But the Navy came here knowing full well there would be a significant increase in noise,'' Swain said, ``and they have condemned your property by diminishing its value without compensating you for it.''

Lawyers explained the litigation process, which could take about two years.

They encouraged residents to get a city assessment of their property and to keep a log of incidents when jets fly near their property, recording their perception of the jet's altitude, noise level and the effect on their daily activities.

``These cases are always fairly lengthy, but we expect these people to be compensated,'' said Jack Ferrebee, an attorney who also represents Citizens Concerned About Jet Noise.

If residents aren't compensated, they are not responsible for any attorney or case fees, the attorneys said. Compensation could be based on the assessed diminished property value or the cost of installing sound insulation.

Many residents said it's not money they're looking for, but an end to a problem that involves more than just noise.

``The jets get so close,'' Mary Syran said. ``Each time I think, `Is this going to be the one that hits us?' The frequency of flights has increased, so the chances of that have increased, too.''

Some residents said jet noise is constant between about 6 and 11 p.m., making it difficult to watch television, sleep or have conversations. Some fear that they won't be able to sell their homes.

*Reach Simone Sebastian at 222-5563.*

# HOMEOWNERS FILE LAWSUIT OVER *OCEANA* JET NOISE

**Published:** Saturday, April 7, 2001
**Section:** LOCAL , page B1
**Source:** BY JON GLASS THE VIRGINIAN-PILOT
© 2001 Landmark Communications Inc.

VIRGINIA BEACH - Nine property owners in Virginia Beach and Chesapeake have sued the federal government over jet noise, claiming that loud F/A-18 Navy Hornets flying over their homes have reduced the enjoyment and value of their property.

The class-action lawsuit was filed Thursday in the U.S. Court of Federal Claims in Washington.

If successful, it potentially could involve millions of dollars in damage payments from the federal government to the owners of some 20,000 homes surrounding the Navy's ***Oceana*** air station in Virginia Beach and Fentress field in Chesapeake, said Jack E. Ferrebee, an attorney representing the plaintiffs.

Ferrebee, one of a team of lawyers representing the local residents, said Friday that the lawsuit was prompted by the Navy's decision to move 156 of the Navy Hornets to ***Oceana*** from a Florida base in 1998.

The Navy's action, the lawsuit alleges, ``destroyed or substantially interfered" with the homeowners' use and value of their property, without providing just compensation for that loss. As such, the government violated the Constitution's Fifth Amendment, Ferrebee said. ``We're alleging a taking of property," Ferrebee said. ``It's very much like building a highway through your property."

Navy officials at ***Oceana*** could not be reached Friday for comment. A U.S. Justice Department attorney handling the case for the federal government could not be reached.

Since 1982, the Federal Aviation Administration has spent more than $2.7 billion to reduce the impact of commercial jet noise on residents, businesses and schools around civilian airports. But the Defense Department has maintained that noise-mitigation rules governing civilian aircraft don't apply to military bases.

Listed as plaintiffs in the lawsuit are Virginia Beach property owners Carole and Robert Testwuide; Karen and Ronald Green; George Bunn; and Sandra and James Lyles. The Chesapeake homeowners are Grace and Joseph Locasto.

A Virginia Beach-based group that has battled the Navy in the past, Citizens Concerned About Jet Noise, is not involved in the lawsuit, said retired Navy Capt. John C. Shick, the group's chairman. ``Our position on it is we support an individual's right to sue if they feel they have been damaged," Shick said.

Shick's group last year lost a federal lawsuit it filed alleging that the Navy had not adequately studied the effects of jet noise before the Hornets were relocated to ***Oceana*** from Florida's Cecil Field.

CLASS-ACTION STATUS DENIED IN RESIDENTS' JET-NOISE SUIT;PROPERTY OWNERS FILE APPEAL, HOPING TO AVOID 2,000 SEPARATE CLAIMS The Virginian-Pilot(Norfolk, Va.) June 28, 2003 Saturday

Copyright 2003 Landmark Communications, Inc.
The Virginian-Pilot(Norfolk, Va.)

June 28, 2003 Saturday Final Edition

SECTION: LOCAL, Pg. B3

LENGTH: 513 words

HEADLINE: CLASS-ACTION STATUS DENIED IN RESIDENTS' JET-NOISE SUIT; PROPERTY OWNERS FILE APPEAL, HOPING TO AVOID 2,000 SEPARATE CLAIMS

BYLINE: JON GLASS THE VIRGINIAN-PILOT

DATELINE: VIRGINIA BEACH

BODY:

The U.S. government has won a key ruling in a lawsuit filed by Beach and Chesapeake residents who claim that noisy jets at Oceana Naval Air Station have lowered the value of their homes.

In an opinion issued last week, a federal judge in Washington denied the residents' request to certify the case as a class-action suit. That means the more than 2,000 property owners involved in the case would have to file individual lawsuits instead of suing the government together.

Jack E. Ferrebee, a Virginia Beach lawyer representing the residents, said an appeal of the ruling was filed Thursday.

"It's more burdensome to have to file a whole lot of individual lawsuits," Ferrebee said. But if the appeal is unsuccessful, he said, "we would file approximately 2,000 separate lawsuits. We feel strongly that we're on the right ground."

Blain Rethmeier, a spokesman for the U.S. Justice Department, which is defending the Navy in the matter, said it was department policy not to comment on ongoing cases.

The June 17 ruling, issued by Judge Lynn J. Bush of the U.S. Court of Federal Claims, was the first significant development in the suit, which was filed in April 2001.

The residents allege that the 1998 arrival of 156 F/A-18 Hornets at Oceana brought substantially louder jet noise that disrupted the enjoyment and use of their homes. They claim the increased noise level has devalued their homes and resulted in a government "taking" of their property without compensation, in violation of the Fifth Amendment.

Nine residents initiated the suit. But it grew to include hundreds after the residents' lawyers ran advertisements alerting property owners that "victims of excessive jet noise may be eligible for damages from the federal government."

The plaintiffs include property owners who live near Oceana and the Navy's Fentress Auxiliary Landing Field in Chesapeake. The suit does not state the amount of monetary damages the plaintiffs are seeking.

Justice Department lawyers argued against the class-action status. In court filings, they maintained it would be "erroneous" to gauge the impact of jet noise using a uniform, "across-the-board" approach.

"This inquiry can only be conducted by examining the facts specific to each property allegedly taken on a claim-by-claim basis," wrote David Shuey and Julia K. Evans, trial attorneys for the Justice Department.

In her 22-page ruling, Judge Bush said the Court of Federal Claims has never certified a class-action suit for property-taking claims arising from jet overflights.

Bush called it "inappropriate" in this case, saying the criteria for proving a taking "may differ" depending on where individual homes were located along the flight path of the jets.

However, calling the case "extraordinary," Bush cleared the way for the residents to take it to the U.S. Court of Appeals for the Federal Circuit. Bush noted that "there is substantial ground for difference of opinion" on whether the suit should be certified for class action.

Reach Jon Glass at 222-5119 or at jon.glass(AT)pilotonline.com

LOAD-DATE: June 29, 2003