**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS J. ASKINS, et al.,** | ) | |
| ***For themselves and on behalf of a class*** | ) | |
| ***Of persons similarly situated,*** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 07-650L** |
| | ) | **Honorable Victor J. Wolski** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Defendant's Motion to Dismiss or, alternatively, for Summary Judgment.

## INTRODUCTION

On September 5, 2007, the lawyers for Plaintiffs in the present case filed a related case styled, *Thomas F. Abernethy, et al.*, *v. United States*, Case No. 07-651L. The substantive allegations in the two cases are identical. The only difference between the cases is the present case was filed as a class action on behalf of certain property owners in Virginia Beach and Chesapeake, Virginia, and *Abernethy* is an individual case filed on behalf of the owners of 1,375 properties in Virginia Beach and Chesapeake, Virginia. The *Abernethy* Plaintiffs are members of the putative class in this case. In essence, *Abernethy* was filed strictly as a safeguard, to save the claims of the *Abernethy* Plaintiffs in the event the Court does not certify the class in the present

case. If the Court certifies the class in the present case, the claims of the *Abernethy* Plaintiffs will be part of the class action.

On November 19, 2007, the Government filed identical motions in both this case and *Abernethy*. Contemporaneously with this memorandum, the *Abernethy* Plaintiffs have filed a comprehensive memorandum in opposition to the motion filed in that case. The memorandum in *Abernethy* is supported by the Affidavit of Martin E. Wolf, including voluminous exhibits consisting of several hundred pages. The arguments made in the Abernethy memorandum, and the Wolf Affidavit with Exhibits are directly responsive to the motion in the present case. Accordingly, in lieu of filing a second version of the memorandum, identical in every way except for the caption, and filing a second Affidavit including a second set of identical exhibits, Plaintiffs incorporate by reference the following documents from *Abernethy*: (1) Memorandum of Law in Opposition to Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment, and (2) Affidavit of Martin E. Wolf with Exhibits 1 through 7.[1]

**SUPPLEMENTAL ARGUMENT**

In addition to the arguments set forth in the incorporated *Abernethy* Memorandum, one remaining issue must be addressed in the present case. This issue goes directly to the heart of the motion namely, whether the tolling principle of *American Pipe* applies to allow the filing of a second class action. This issue has been termed by the courts that have addressed it as "piggybacking" or "stacking" class actions. *See Salazar-Calderon v. Presidio Valley farmers Assoc.*, 765 F.2d 1334, 1351 (5th Cir. 1985)("piggybacking"); *Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998)("stacking"). Given the circumstances of the present case, and the prior

[1] Given the size of the exhibits, Plaintiffs will file them electronically in both cases, but will provide only one paper courtesy copy to reduce the amount of paper with which the Court will be burdened.

decision on class certification in *Testwuide*, *American Pipe* tolling does apply and the present case was filed within the period of limitations.

**1.**

**General Rule:**
**Cases Holding that *American Pipe* Tolling not Applicable to a Second Class Action**

In a concurring opinion in the landmark case, *Crown, Cork & Seal Co. v, Parker*, 462 U.S. 345, 352 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)(extending the application of *American Pipe*), Justice Powell warned that the tolling rule was a generous principle and should not be interpreted to allow abuse. That warning spawned a series of decisions in several federal appellate courts that refused to apply *American Pipe* tolling to extend the period of limitations for a subsequent class action based on the same claims after a definitive decision on class certification had been made in the earlier case. *See Salazar-Calderon v. Presidio Valley Farmers Assoc.,* 765 F.2d 1334, 1351 (5th Cir.1985); *Korwek v. Hunt,* 827 F.2d 874, 877 (2d Cir.1987); *Robbin v. Fluor Corp.,* 835 F.2d 213, 214 (9th Cir.1987); *Andrews v. Orr,* 851 F.2d 146, 149 (6th Cir.1988); *Griffin v. Singletary,* 17 F.3d 356 (11th Cir.1994); *Basch v. Ground Round, Inc.,* 139 F.3d 6, 11 (1st Cir.1998). The Court in *Salazar-Calderon* summed up the rationale of the Courts in this line of cases, stating that it had found no "authority for their [plaintiffs'] contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely." 765 F.2d at 1351. *See also Basch*, 139 F.3d at 11 (Plaintiffs "may not stack one class action on top of another and continue to toll the statute of limitations indefinitely . . . regardless of how many times a court declines to certify the class."). The touchstone of this line of decisions is that *American Pipe* tolling was not intended to indefinitely suspend running of the statute of limitations once the court has made a ***definitive decision*** on class certification. *See Korwek*, 827 F.2d at 879.

**2.**

**Cases Holding the "No Stacking" Rule not Applicable**
**When There is No Prior *Definitive Decision* Denying Class Action for Asserted Claims**

Subsequent to the initial decisions noted above, a series of cases emerged in which the prior denial of class certification was not based on the claims themselves, rather they involved either the suitability of the class representative, the proposed class definition or denial for some other non-substantive reason, or on a conditional basis. In those cases, the courts applied *American Pipe* tolling to allow a subsequent class action, reasoning that there had been no ***definitive decision*** that the claims were not suitable for class treatment. See *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004); *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd*. 295 F.3d 380, 387-88 (3d Cir. 2002); *Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424, 430 (D. Md. 2005); *Alidina v. Penton Media et al*., 143 F.Supp.2d 363, 365 n.1 (S.D.N.Y. 2001); *In re Quarterdeck Office Systems, Inc. Securities Litigation*, CV-92-3970, 1994 WL 374452 (C.D. Cal. Mar. 24, 1994); *Shields v. Washington Bancorporation*, 90-1101, 1992 WL 88004, *1-3 (D.D.C. Apr.7, 1992); *In re Crazy Eddie Sec. Litig*., 802 F.Supp. 804, 813 (E.D.N.Y.1992); *Trief v. Dun & Bradstreet Corp*., 144 F.R.D. 193, 202-03 (S.D.N.Y.1992); *Shields v. Smith*, No. 90-349, 1992 U.S. Dist. LEXIS 15718, at *5-10 (N.D.Cal. Aug. 14, 1992). *See also Catholic Social Services, Inc. v. INS*, 232 F.3d 1139 (9th Cir. 2000) (allowing tolling where the earlier action was dismissed due to ripeness concerns).

In *Yang v. Odom*, for example, representatives of three subclasses sought review of a decision in which the district court refused to apply *American Pipe* tolling in a securities class action. Class certification in the previously filed case was denied because of defects in the class and the class representative. In reversing the district court, the Third Circuit explained:

> Allowing tolling to apply to subsequent class actions where the original class was denied because of the lead plaintiffs' deficiencies as class representatives will not lead to the piggybacking or stacking of class action suits "indefinitely" as Defendants argued and as the Eleventh Circuit feared in *Griffin*. Rather, applying tolling under these circumstances will allow subsequent classes to pursue class claims ***until a court has definitively determined*** that the claims are not suitable for class treatment. Where repeated tolling is implicated and the class appears unable to put forward an appropriate lead plaintiff, courts may reasonably conclude that the class itself fails Rule 23 analysis. ***Rather than arbitrarily eliminate the possibly meritorious claims of countless class members, we prefer to see careful case management employed to avoid the prospect of "indefinite" tolling.***

392 F.3d at112.[2]

In another case, the court applied *American Pipe* tolling where the denial of class certification was without prejudice with instructions to file an amended complaint to correct the perceived defects. *Popoola*, 230 F.R.D. at 430 (D. Md.):[3]

> Indeed, Plaintiffs motion for class certification was denied without prejudice, and Plaintiffs were ordered to submit an amended complaint in order to clarify for the court the very issues that will dictate whether the class can be certified. The court therefore rejects these arguments against tolling the statute of limitations.

**3.**

**The Present Case Falls Within the Exception to the Rule**

In *Testwuide*, the Court's decision denying the motion for class certification cannot fairly be characterized as a "definitive ruling" on whether the claims are amenable to class treatment. Instead, the opinion itself clearly states that the basis for denying class certification is Plaintiffs' "proposed methodology for creating classes in this case." (Wolf Affidavit, Exh. 4, p. 18).

[2] Although the Supreme Court has never decided the issue in this case, Justice Alito was on the panel that issued this opinion. Then Judge Alito wrote a concurring opinion in which he agreed with the holding and rationale of the majority opinion, and with the application as to two of the three subclasses. 392 F.3d at 113.

[3] Counsel of Record in the present case was also class counsel in *Popoola*. After the amended complaint was filed, the Court certified the class as to one of the two defendants.

Denying class certification on the basis that the proposed methodology for identifying the class is inadequate is tantamount to denying the class because the class representative is inadequate or some other non-substantive reason. It is not a definitive ruling that the claims themselves cannot be pursued as a class action. Absent such a determination, the Court should apply *American Pipe* tolling to the claims of the Plaintiffs so as to permit them to be pursued on a class basis.

In *Testwuide*, Plaintiffs sought certification of two classes of property owners who were identified based on a significant increase in their homes' noise zone contours before and after the date of taking. *Id*. at 18. The Court, interpreted precedent as to the elements of the claim (i.e. *Causby, Branning, Argent*) in such a way as to hold that Plaintiffs would have to prove more than noise exposure and ownership to prevail on the merits of their claims, assigning to Plaintiffs in that case an argument they had never made. This issue was not raised by either party; the Court raised it *sua sponte*. Under the Court's analysis, Plaintiffs would have to prove overflight and altitude of offending flights. *Id*. Based on this analysis, the Court refused to certify the class using the proposed methodology for defining class members:

> Insofar as this court is aware, ***it would be a case of first impression within this court and this Circuit if the court were to establish as a matter of law that the plaintiffs could recover for a taking of an avigation easement when the flights did not pass directly overhead and flights occurred inside navigable airspace***. Thus, it would be entirely inappropriate for the court to grant plaintiffs' motion for class certification because inquiry of whether the class could be certified based on noise and home ownership alone is inextricably fused with the legal question of what plaintiffs must establish in order to prove a taking within the meaning of the Fifth Amendment.

*Id*. at p. 18 (emphasis supplied). In fact, the quoted passage (direct overflight and altitude) is completely contrary with the applicable law as set out in *Argent*.

The Court then recognized that its interpretation of precedent was speculative. In certifying the question for interlocutory appeal (again without prompting from either party), the Court said as much:

> Further, there is substantial ground for difference of opinion on the issue of class certification. * * * The Federal Circuit may deem it appropriate to expand existing precedent or ***apply precedent in such a manner as to render plaintiffs' proposed method of class certification viable.***

*Id*. at pp. 20-21 (emphasis supplied). The Court essentially held that (1) certification of redefined classes may be appropriate, and (2) the Federal Circuit could find that certification of the proposed classes was appropriate. *Id*. Given the qualifications placed on this ruling (even without the error of substantive law), it was tantamount to a "conditional" denial or denial without prejudice. It certainly was not definitive.[4]

Similar to the cases described above where courts have denied motions for class certification because of the inadequacy of the class representative, a denial based on the inadequacy of the proposed class definition or method of defining the classes cannot be considered a definitive ruling. Just as a court may substitute an inadequate class representative, it may also redefine the class at any point during the litigation.[5] *Robidoux v. Celani,* 987 F.2d 931, 937 (2d Cir.1993)("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly"); *Harris v. Gen. Dev. Corp.,* 127 F.R.D. 655, 659 (N.D.Ill.1989) ("[I]t is certainly within this court's discretion to limit or redefine the scope of the class"); *Meyer v. Citizens & S.*

[4] Class certification is a procedural issue and courts should not delve into the merits at this stage of the case. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). The Court's decision, based squarely on its analysis of the merits (an incorrect analysis at that), coupled with the Court's own speculation as to its analysis, further supports the conclusion that the decision to deny class certification was ***not*** definitive.

[5] "We do not think a district court's authority to revise a class certification ruling requires a "without prejudice" reservation of authority." *In re Initial Public Offering Securities Litigation*, 483 F.3d 70, 73 (2d Cir. 2007).

*Nat'l Bank,* 106 F.R.D. 356, 360 (M.D.Ga.1985) ("The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class.") (citations omitted).

Nor are the concerns which have been identified as counseling against permitting tolling of a successive class action present here. There is no indication that permitting this litigation to move forward would invite abuse of the class action device. There is little risk of further litigation if the Court recognizes tolling in this case and permits consideration of class certification. This case was filed just six days before Counsel's best estimate of when the tolled statute of limitations period would have expired, and Plaintiffs' counsel have already filed individual claims on behalf of the owners of 1,375 properties who are putative class members. Second, because there was never a definitive decision on class certification, this Court would not be re-litigating any previously decided issues. Finally, permitting tolling would not be adverse to the interests of judicial economy by continuing the litigation indefinitely. If the case goes forward and the class is certified, this single class action will resolve the outstanding inverse condemnation claims arising out of the alleged taking due to aircraft operations from NAS Oceana, that is, the 1,375 individual claims pending in the *Abernethy* case. If the class ultimately is not certified, the parties and the Court will be in the same position as they now are.

**CONCLUSION**

For the reasons stated in this memorandum and based on the documents and other evidence referred to herein, the Court should deny the motion in its entirety.

Respectfully submitted,

Date: January 4, 2008

s/Martin E. Wolf

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue
Suite 402
Towson, MD 21204
(410) 825-2300
(410) 825-0066 fax
mwolf@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

Of counsel:

Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
102 W. PennsylvaniaAvenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com

Charles R. Hofheimer
Jack E. Ferrebee
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
jferrebee@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Charles Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
scswain@srgslaw.com
clustig@srgslaw.com