**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(E-Filed: February 15, 2008)

| | | |
|---|---|---|
| THOMAS H. ASKINS, JR. et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-650 L<br>Honorable Victor J. Wolski |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Plaintiffs have sought leave to file a comprehensive surreply to address four matters they argue were raised for the first time in Defendants' Reply Brief in support of its Motion to Dismiss, or alternatively, for Summary Judgment: (1) 28 U.S.C. § 2501 is jurisdictional and therefore cannot be equitably tolled; (2) applying American Pipe to 28 U.S.C. § 2501 would constitute impermissible equitable tolling; (3) American Pipe should not apply to opt-in class actions; and (4) the prejudice to defendant resulting from plaintiffs' long and inexcusable delay in filing their claims.

Courts have considerable discretion to deny surreplies that present cumulative arguments simply seeking to re-argue issues already fully briefed. See Schilz v. A.P. Green Indus., Inc., No. C01-4299 MMC, 2002 WL 102608, at *1 n.1 (N.D. Cal. Jan. 15, 2002) (denying request for leave to file surreply because the plaintiff had "failed to demonstrate how a surreply would assist the Court in adjudicating the instant motion"); Resolution Trust Corp. v. Youngblood, 807 F.

Supp. 765, 774 (N. D. Ga. 1992) (refusing to consider surreply or reply to surreply because they "add nothing new, [and] are cumulative of the arguments presented in earlier pleadings"). As discussed below, certain of the arguments plaintiffs have sought leave to address concern issues that have been fully briefed; therefore, the motion for leave should denied as to those issues.

As a preliminary matter, plaintiffs' request for a surreply should be considered untimely. Defendant filed its Reply Brief in support of its Motion to Dismiss, or alternatively, for Summary Judgment on January 25, 2008. Shortly thereafter, this Court coordinated with the parties to schedule oral argument, and issued an order on January 28, 2008, scheduling argument for March 13, 2008. However, plaintiffs did not inform the Court of its desire to file a surreply at that time. Plaintiffs then waited until February 12, 2008 to seek leave to file a surreply on February 22, 2008. Plaintiffs offer no explanation as to why they waited 18 days (12 business days) to make their request. Compare RCFC 7.2(c) (allowing 14 days for replies).

Despite plaintiffs' failure to timely inform the Court of their intent to seek leave to file a surreply, defendant does not oppose plaintiffs' request in its entirety. Specifically, defendant does not oppose plaintiffs filing a surreply regarding arguments (1) and (4). Defendant, however, opposes plaintiffs' request to file a surreply regarding items (2) and (3) as it will rehash matters that have previously been addressed.

With regard to argument (1), defendant does not oppose a surreply concerning the John R. Sand & Gravel Co. v. United States, No. 06-1164, 2008 U.S. LEXIS 744 (U.S. Jan. 8, 2008), decision, where the Supreme Court held that this Court's statute of limitations, 28 U.S.C. § 2501, is jurisdictional and cannot be equitably tolled. The Supreme Court issued the John R. Sand decision after plaintiffs filed their response to defendant's motion; therefore, plaintiffs have not had an opportunity to address John R. Sand. Consequently, as counsel for defendant has advised

counsel for plaintiffs, defendant does not oppose plaintiffs filing a surreply concerning this decision.

Additionally, defendant does not oppose plaintiffs further addressing argument (4). Notwithstanding the fact that the parties have discussed the prejudice element of the doctrine of laches in earlier briefing, the specific witnesses that may be impacted as a result of plaintiffs' delay in pursuing their claims were not identified in defendant's opening motion.[1] Defendant identified these witnesses in its reply brief, in response to plaintiffs' claim that defendant could not establish specific prejudice resulting from the plaintiffs' delay in filing their claims. Pls.' Br. at 23-25. Given that these witnesses were not explicitly named in defendant's opening brief, defendant does not oppose plaintiffs addressing the impact on these witnesses.

Plaintiffs have had an opportunity to address the remaining two issues, and therefore, defendant opposes plaintiffs' request for additional briefing on these topics. Beginning with argument (3), which explains why American Pipe should not apply to opt-in class actions, plaintiffs specifically raised this topic in their response. See Pls.' Br. at 9. Plaintiffs relied on Barbieri v. United States, 15 Cl.Ct. 747 (1988), and its discussion of American Pipe. In their motion for leave, plaintiffs further contend that Testwuide was an opt-out class; therefore, defendant's analysis is inapplicable. This assertion has no merit. Although plaintiffs sought to pursue Testwuide as an opt-out class, this Court's caselaw allowed for opt-in classes only. Berkley v. United States, 45 Fed. Cl. 224, 229 (1999).

Likewise, plaintiffs should not be provided another opportunity to address argument (2), where we established that the application of American Pipe to 28 U.S.C. § 2501 would constitute

[1] In its reply, defendant inadvertently stated that all three of these witnesses retired from the military shortly before trial. Captain Mark Benson actually retired substantially before the scheduled trial. Nevertheless, Captain Benson may not be available to assist defendant in a future trial.

impermissible equitable tolling. This argument consists of an analysis of the Court of Appeals for the Federal Circuit's decision in Stone Container Corp. v. United States, 229 F.3d 1345 (Fed. Cir. 2000). There the Court of Appeals established the analytical framework for determining whether American Pipe applies to a given statute of limitations.[2] Plaintiffs were aware of Stone Container and, in fact, specifically relied on that case in their opposition to defendant's opening motion. Pls.' Br. at 11-12. There is no justification for allowing plaintiffs yet another opportunity to argue their interpretation of this decision.

In sum, defendant does not oppose plaintiffs filing a surreply concerning the Supreme Court's John R. Sand decision and the prejudice element of the doctrine of laches; however, plaintiffs should not be given a second opportunity to rehash their arguments concerning the remaining issues.

[2] The Court explained that the Federal Rules of Civil Procedure and the Rules for the Court of International Trade are both statutory; therefore, the tolling outlined in American Pipe was statutory, rather than equitable tolling.

Dated this 15th day of February, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s// Steven D. Bryant___________________
STEVEN D. BRYANT
Environment & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3120
Washington, D.C. 20004
202-305-0424
steven.bryant@usdoj.gov
Counsel for Defendant

Of Counsel:
ROBERT J. SMITH
Navy Litigation Office
Washington, D.C. 20374