# In the United States Court of Federal Claims

No. 07-650L
(Filed February 20, 2008)

* * * * * * * * * * * * * * * * * * * * * * *

**THOMAS H. ASKINS JR. et al.,**

Plaintiffs,

v.

**THE UNITED STATES**,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

The Court has reviewed plaintiffs' motion for leave to file a sur-reply to defendant's pending dispositive motion. The Court **GRANTS** plaintiffs' motion insofar as it is unopposed. Plaintiffs' sur-reply may therefore address arguments 1 and 5 as identified in the companion motion filed in the related case of *Abernethy v. United States*, No. 07-651L -- namely, defendant's arguments that 28 U.S.C. § 2501 may not be tolled due to the decision in *John R. Sand & Gravel Co. v. United States*, No. 06-1164 (U.S. Jan. 8, 2008), and that the defendant has been prejudiced by plaintiffs' delay in filing their claims (specifically regarding the participation of three witnesses who have retired from military service).

Concerning the other two arguments which plaintiffs seek to address in their sur-reply -- that applying *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), to 28 U.S.C. § 2501 would represent impermissible equitable tolling, and that *American Pipe* should not apply to opt-in classes -- the Court agrees with defendant that additional briefing is not warranted. The Court notes that plaintiffs have already discussed the applicability of *American Pipe* to opt-in class actions and whether *American Pipe* tolling was equitable or statutory, in their opposition brief filed in *Abernethy* (on pages 9 and 13-14, respectively). The plaintiffs are, of course, free to respond orally to the defendant's arguments on these points during the argument scheduled for March 13, 2008. But to allow further briefing whenever a movant replies to points raised by the non-movant would defeat the very purpose of briefing schedules which give movants the last (written) word. Moreover, to the extent that the nature of *American Pipe* tolling is relevant to plaintiffs' analysis of the impact of *John R. Sand & Gravel Co.* on the instant litigation, the issue may be addressed in that context.

For the reasons above, plaintiffs are granted leave to file a sur-reply on or before

**February 22, 2008**, confined to the arguments concerning *John R. Sand & Gravel Co.* and defendant's assertions of prejudice due to the delays in litigating the subject claims.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge