# In the United States Court of Federal Claims

No. 07-650L
(Filed December 10, 2012)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
THOMAS H. ASKINS, JR., et al., for              *
themselves and on behalf of a class of          *
persons similarly situated,                     *
                                                *
                Plaintiffs,                     *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
                Defendant.                      *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

This is a companion case to *Abernethy v. United States*, No. 07-651L.  Like *Abernethy*, its plaintiffs are individuals who own property in Virginia Beach or Chesapeake, Virginia, in the vicinity of Naval Air Station Oceana or Naval Auxiliary Landing Field Fentress, and who allege that on July 1, 1999, the increased operation of F/A-18 C/D fighter jets at these naval facilities resulted in the taking of their property without payment of just compensation.  Class Action Complaint for Inverse Condemnation ¶¶ 1, 5, 21-25, 29-33.  The only difference between the two cases is that the five couples (owning six properties) who are plaintiffs in this matter have brought the action as a class action.

For the reasons more fully stated in the Memorandum Opinion and Order in *Abernethy*, also filed today, the government's pending motion to dismiss, or alternatively for summary judgment, is **DENIED**.  Since plaintiffs were putative members of the classes for which certification was unsuccessfully sought in *Testwuide v. United States*, 56 Fed. Cl. 755 (2003), the filing of that class action complaint on April 5, 2001, tolled the running of the six-year limitations period under 28 U.S.C. section 2501, pursuant to the class action tolling adopted by the Federal Circuit in *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010).  At that time just one year, nine months, and four days of the period had expired.  The denial of class certification on June 17, 2003, *see Testwuide*, 56 Fed. Cl. at 765-67, resumed the running of the limitations period.  The four years and eighty-seven days which remained of this period did not expire until September 12, 2007.  Plaintiffs filed their complaint on September 5, 2007, before the limitations period expired.  The complaint was timely filed, and accordingly the government's motion to dismiss for lack of

subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), is **DENIED**.

The government's motion in the alternative for summary judgment on its defense of laches is also **DENIED**. The defendant has neither demonstrated that the plaintiffs were indisputably unreasonable in utilizing nearly the entire class action tolling period, nor shown the absence of a genuine dispute of any fact material to its contention of "defense prejudice." *See Cornetta v. United States*, 851 F.2d 1372, 1378 (Fed. Cir. 1988) (en banc). The government's only specific contention of prejudice was based on three allegedly critical witnesses who had retired from military service and whose availability was questioned. *See* Def.'s Reply (ECF No. 16) at 28-29. But each of these individuals was deposed for purposes of the *Testwuide* litigation, *see* Pls.' Sur-reply (ECF No. 23) at 16-17.

Although it was not encompassed within the government's motion to dismiss, the issue of the applicability of the rule against the use of tolling to "stack" successive class actions arose in the course of briefing and argument. *See* Pls.' Mem. of Law in Opp'n to Def.'s Mot. (ECF No. 11) at 2-8. It appears to the Court that the denial of class certification in *Testwuide* was the sort of "definitive determination of the inappropriateness of class certification," *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987), that qualifies for application of the rule against stacking. Certification was not denied because of deficiencies of the putative representatives, but rather because the court feared that material factual differences existed among members of the classes as defined. *See Testwuide*, 56 Fed. Cl. at 765-66. Whether this is considered a decision that common questions did not predominate, or that a class action would be too difficult to manage, *see* RCFC 23(b)(3), the court clearly found class certification to "be entirely inappropriate," *Testwuide*, 56 Fed. Cl. at 765, on grounds having nothing to do with the suitability of the purported class representatives. But since the motion to dismiss does not present the proper occasion to resolve the stacking issue, the Court will reserve definitive judgment for the appropriate vehicle, such as a motion for class certification or a motion to strike.

Due to the application of class action tolling, the complaint in this case was timely filed. The government's defense of laches is subject to a genuine dispute of material fact. Accordingly, the motion to dismiss is **DENIED**, as is defendant's motion in the alternative for summary judgment. The parties shall file a Joint Status Report on or by **December 28, 2012**, proposing a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge