# In the United States Court of Federal Claims

No. 07-650L
(Filed November 5, 2013)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| **THOMAS H. ASKINS, JR., et al.,** | * | Motion to strike class allegations; |
| | * | motion to dismiss; *American Pipe* class |
| | * | action tolling; anti-stacking rule; |
| Plaintiffs, | * | statute of limitations; avigation |
| | * | easement takings claims. |
| v. | * | |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Martin E. Wolf*, Gordon & Wolf, Chtd., Towson, Maryland, for plaintiffs. *Richard S. Gordon,* Gordon & Wolf, Chtd., of Towson, Maryland, *Charles R. Hofheimer*, *Jack E. Ferrebee, Kristen D. Hofheimer,* Hofheimer/Ferrebee, P.C., all of Virginia Beach, Virginia, *Thomas Shuttleworth, Stephen C. Swain,* and *Charles Lustig*, Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C., all of Virginia Beach, Virginia, *Kieron F. Quinn*, of Baltimore, Maryland, of counsel.

*Joshua A. Doan*, Environment & Natural Resources Division, Department of Justice, with whom was *Ignacia S. Moreno*, Assistant Attorney General, and Alison D. Garner, all of Washington, D.C., for defendant.   *Robert J. Smith*, Naval Litigation Office, Washington, D.C., of counsel.

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

This case has been brought as a class action by five couples who own property in Virginia Beach or Chesapeake, Virginia, in the vicinity of Naval Air Station Oceana or Naval Auxiliary Landing Field Fentress.   Class Action Compl. for Inverse Condemnation (Compl.) ¶¶ 1-2, 4-5.   Plaintiffs allege that on July 1, 1999, the increased operation of F/A-18 C/D fighter jets at these naval facilities resulted in the taking of their property without payment of just compensation.   *Id.* ¶¶ 5, 21-25, 29-33.   The Court has previously ruled that the individual claims of the plaintiffs in this case, and in a companion case that was not brought as a class action, *see Abernethy v. United States*, 108 Fed. Cl. 183 (2012), were timely filed due to class

action tolling of the statute of limitations period.  *Askins v. United States*, No. 07-650L, 2012 WL 6117950, at *1 (Fed. Cl. Dec. 10, 2012).

The government has moved to strike, or alternatively to dismiss, the class allegations due to a lack of subject-matter jurisdiction, under Rules 12(f) and 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).   Def.'s Mot. to Strike at 1-2.   The government argues that the tolling of the statute of limitations due to the filing of a prior class action lawsuit in which class certification was denied does not allow new class claims to be brought by putative members of the previously-rejected class.   For the reasons that follow, the government's motion to strike the class allegations in plaintiffs' complaint is **GRANTED**.[1]

## I.  BACKGROUND

In the mid-1990s, the Department of Defense Base Closure and Realignment Commission decided to close a naval air station in Florida.   Compl. ¶ 27.   Nine fleet squadrons of F/A-18 C/D fighter planes (approximately 156 aircraft) were relocated to Naval Air Station (NAS) Oceana in Virginia Beach, Virginia, starting in 1998 and ending in June 1999.   *Id.* ¶¶ 28-29.   These new fighter planes, which are twice as loud as F-14s, cause significantly more noise and vibration than aircraft previously flown from this station.   *Id.* ¶ 31.   Plaintiffs in this case are individuals who own property in Virginia Beach or Chesapeake, Virginia, in the vicinity of NAS Oceana or Naval Auxiliary Landing Field (NALF) Fentress, and who allege that on July 1, 1999, the increased operation of F/A-18 C/D fighter jets at these naval facilities resulted in the taking of their property without payment of just compensation. Compl. ¶¶ 1, 5, 21-25, 29-33.   The property interests taken under such circumstances have come to be known as "avigation easements."   *See, e.g.*, *Herring v. United States*, 142 Ct. Cl. 695, 697 (1958).   The five couples (owning six properties) who are plaintiffs in this matter have brought this action as a class action.

This lawsuit was filed on September 5, 2007, and would ordinarily have been dismissed because it was brought more than six years after the claims accrued on July 1, 1999.   *See* 28 U.S.C. § 2501.[2]   But on April 5, 2001, nine plaintiffs from

---

[1]   As the Court finds that it is appropriate to strike class allegations when it is evident that a class action may not be maintained, *see Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 3:4 (9th ed.), the motion to dismiss these allegations is DENIED as MOOT.

[2]   Section 2501 provides, in relevant part, that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition

Virginia Beach and Chesapeake filed a class action complaint alleging that the United States had taken their property, based on the very same relocation of F/A-18 C/D fighter planes at issue in this case.   *See Testwuide v. United States*, 56 Fed. Cl. 755, 756-57 (2003).   On the same day that their complaint was filed, the *Testwuide* plaintiffs filed a motion for class certification, which was denied in an opinion dated June 17, 2003 --- two years and seventy-three days later.   *See id.* at 756, 759, 765-67. The filing of the *Testwuide* class action complaint tolled the running of the six-year limitations period for the putative members of the proposed classes until class certification was denied, under the class action tolling doctrine established by the Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553-54 (1974), and extended to our court by the Federal Circuit in *Bright v. United States*, 603 F.3d 1273, 1284-90 (Fed. Cir. 2010).   *See Abernethy*, 108 Fed. Cl. at 187-89. Taking this suspension period into account, the *Askins* plaintiffs filed their complaint with seven days to spare.   *Askins*, 2012 WL 6117950, at *1.   The question for the Court in the present matter is whether a new class action may take advantage of this tolling doctrine.   As will be seen below, the answer to this question requires a close look at the decision to deny class certification in *Testwuide*.

The *Testwuide* plaintiffs sought to certify two classes, based on noise exposure contours calculated by a Navy contractor to reflect the day-night average sound levels (DNL), as measured in decibels (dB), experienced by residents of properties near NAS Oceana and NALF Fentress.   *See* 56 Fed. Cl. at 758-59.   One class was to consist of owners of properties that were in a DNL noise zone of 80 dB or higher after the arrival of the F/A-18s, and whose noise zone increased by at least 5 dB DNL because of the relocation of the jets.   *Id.* at 759.   The second proposed class was owners of properties whose noise zone was 65-79 dB DNL after the jets were relocated, and also increased by at least 5 dB DNL because of the relocation.   *Id.*

The judge in *Testwuide* began her consideration of class certification by reciting our court's Rule 23, which had recently been revised to reflect the criteria from Rule 23 of the Federal Rules of Civil Procedure previously borrowed by our predecessor for use in opt-in class actions.   *Id.* at 760-61 (quoting RCFC 23 (May 1, 2002) and citing *Quinault Allottee Ass'n v. United States*, 197 Ct. Cl. 134, 140-41 (1972)).   These criteria for certifying a class action have commonly been distilled, for the sake of convenience, into five elements: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; and (5) superiority.   *Curry v. United States*, 81 Fed. Cl. 328, 332 (2008) (citing *Barnes v. United States*, 68 Fed. Cl. 492, 494 (2005)).   After noting the lack of precedent for certifying a class action in an avigation easement takings case, the judge described the parties' positions on class certification. *Testwuide*, 56 Fed. Cl. at 761-62.   The plaintiffs contended that the changes in noise

---

thereon is filed within six years after such claim first accrues."   28 U.S.C. § 2501 (2006).

levels experienced by the class members could be the basis for both determining that property interests were taken and valuing these interests, while the government maintained that the impact of higher noise on enjoyment and value of residential property must be determined separately for each parcel.   *Id.*

The development of avigation easement takings jurisprudence was next considered.   From the cases following *United States v. Causby*, 328 U.S. 256 (1946), three determinative factors had developed:   that the offending flights flew directly over the affected property, flew at heights below the relevant navigable airspace, and substantially (and directly) interfered with enjoyment and use of the property. *Testwuide*, 56 Fed. Cl. at 763-64 (citing, *inter alia*, *Brown v. United States*, 73 F.3d 1100, 1103 (Fed. Cir. 1996)).   The judge recognized that "courts have acknowledged that noise and vibrations have replaced physical encumbrance as the primary complaint of claimants seeking compensation," *id.* at 764 (citing *Argent v. United States*, 124 F.3d 1277, 1280 (Fed. Cir. 1997)), and noted that two binding precedents departed from a requirement that all three *Causby* factors be satisfied:   *Branning v. United States*, 228 Ct. Cl. 240, 242, 257 (1981), in which the Court of Claims held that a taking could, under certain conditions, result from flights that were not below the navigable airspace; and *Argent v. United States*, 124 F.3d 1277, 1284 (Fed. Cir. 1997), in which the Federal Circuit determined that a taking could be based on flights that were not directly over the subject property.   *See Testwuide*, 56 Fed. Cl. at 764-65.

Since the relevant case law allowed for takings liability when a substantial interference with use and enjoyment of property was occasioned by either flights occurring directly overhead or flights at an altitude lower than the navigable airspace height, the judge in *Testwuide* was troubled that the proposed classes were defined only in terms of interference with use and enjoyment.   *Id.* at 765.   She found "it would be a case of first impression" for flights that were neither overhead nor below the navigable airspace to result in the taking of an avigation easement, and thus facts relating to the height and path of the jets might be needed to determine if any owner's property interests were taken.   *Id.*   She concluded "it would be entirely inappropriate for the court to grant plaintiffs' motion for class certification because the inquiry of whether the class could be certified based on noise and home ownership alone is inextricably fused with the legal question of what plaintiffs must establish in order to prove a taking."   *Id.*

The judge went on to describe several possible groups into which proposed class members might have to be divided --- based on whether flights were directly overhead and whether they were below the navigable airspace level --- and explained that differing standards might apply in determining which, if any, of the groups were sufficiently burdened to justify a recovery.   *Id.* at 765-66.   The results of this inquiry, it was explained, "may differ based on the specific factual circumstances and variables affecting each group that go to the root of the question of whether a taking

-4-

occurred," making plaintiffs' proposed methodology for determining the class "not viable in view of the existing precedent." *Id.* at 766.   The issue of class certification was then certified for interlocutory appeal.   *Testwuide*, 56 Fed. Cl. at 766-67 (citing 28 U.S.C. § 1292(d)(2)).   The Federal Circuit denied the *Testwuide* plaintiffs' petition for permission to appeal the ruling.   *Testwuide v. United States*, 73 F. App'x 395, 396 (Fed. Cir. 2003).

In a previous order in this matter, the Court reserved judgment on the issue of whether a rule against using class action tolling to "stack" successive class actions would bar plaintiffs' class action allegations.   *Askins*, 2012 WL 6117950, at *1.   The Court noted that while the stacking issue arose in the course of briefing and argument, the motion to dismiss under consideration at that time did not present the appropriate vehicle for resolving the issue.   *Id.*   The pending motion to strike properly presents this issue for the Court's determination.

## II.   DISCUSSION

In *American Pipe*, the Supreme Court determined that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."   414 U.S. at 554.   This class action tolling rule was adopted in order to preserve "the efficiency and economy of litigation which is a principal purpose of the [class action] procedure."   *Id.* at 553.   Without such tolling, before the limitations period ended "[p]otential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable."   *Id.*   To avoid this "needless duplication of motions," *id.* at 554, and thereby "to insure effectuation of the purposes of litigative efficiency and economy," *id.* at 556, the Supreme Court suspended the running of the limitation period during the pendency of the class certification question, to allow putative class members to intervene in the lawsuit after the limitations period would otherwise have expired.

In a subsequent case, the Supreme Court expanded the applicability of *American Pipe* tolling to cases in which the purported class members sought to file separate, individual actions following the denial of class certification in another lawsuit.   *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983). Otherwise, a party who would prefer to bring his own lawsuit rather than intervene in the previously-filed one, were class certification to be denied, "would have every incentive to file a separate action prior to the expiration of his own period of limitations," resulting in "a needless multiplicity of actions" of the sort that *American Pipe* and the class action procedure "were designed to avoid."   *Id.* at 351.   The class action tolling rule suspends the running of the limitations period for putative class members as a means to an end --- and that end is the efficiency of the class action procedure.   *See Bright*, 603 F.3d at 1285, 1287-88.   This tolling rule allows *the*

*initial* class action lawsuit filed concerning a particular controversy to proceed without the court being flooded with motions or complaints that would prove unnecessary were the class action certified.   The rule is not designed to provide class actions with a special immunity from statutes of limitations, as would result were subsequent class actions to be filed during the extended limitations period once the suspension is lifted, thereby tolling again the statute of limitations.   In such a circumstance, a third bite at the certification apple could then follow if the second is unsatisfying, indefinitely prolonging the applicable limitations period.

With this in mind, the Circuits which have considered the question of "stacking" or "piggybacking" class actions have generally concluded that a subsequent class action cannot take advantage of the class action tolling period when certification had previously been denied.   *See, e.g., Basch v. Ground Round, Inc.*, 139 F.3d 6, 11-12 (1st Cir. 1998); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988); *Korwek v. Hunt*, 827 F.2d 874, 878-79 (2d Cir. 1987); *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985).[3]   A proposed class is not allowed to relitigate the question when there has been a "definitive determination of the inappropriateness of class certification."   *Korwek*, 827 F.2d at 879.

The only recognized exceptions to this anti-stacking rule have been in the limited circumstances when the prior failure of class certification was due to deficiencies with the class representatives.   *See Yang v. Odom*, 392 F.3d 97, 108-12 (3d Cir. 2004) (tolling allowed for class claims previously brought by inadequate and atypical lead plaintiffs); *McKowan Lowe & Co. v. Jasmine, Ltd.*, 295 F.3d 380, 383, 388-89 (3d Cir. 2002) (tolling allowed where lead plaintiff's claims were atypical and he was an inadequate representative); *Catholic Soc. Servs., Inc. v. INS*, 232 F.3d 1139, 1142-49 (9th Cir. 2000) (*en banc*) (tolling allowed when previously-approved classes were narrowed by a Supreme Court decision on the ripeness of certain claims and a statutory change to the definition of who was eligible to challenge a particular policy).   In these cases, the denials of class certification were "unrelated to the appropriateness of the substantive claims for certification."   *McKowan*, 295 F.3d at 389.   Of the five elements for class certification, *see Curry*, 81 Fed. Cl. at 332, denials that could toll class claims would center on typicality or adequacy, as opposed to numerosity, commonality, or superiority.   *See, e.g., Alidina v. Penton Media, Inc.*, 143 F. Supp. 2d 363, 365 n.1 (S.D.N.Y. 2001) (allowing tolling when class certification was denied in original suit because proposed lead plaintiffs were inadequate and atypical of the class); *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, No. CV-92-3970, 1994 WL 374452, *5 (C.D. Cal. Mar. 24, 1994) (allowing tolling when proposed class representatives in prior suit were inadequate).

---

[3]   No binding precedent exists, as the Federal Circuit has yet to address this issue.

The plaintiffs have not been able to identify any precedent for applying *American Pipe* tolling to class claims when class certification had been denied in a prior suit due to problems of a class nature.   One case that they highlight, *Yang v. Odom*, held that "tolling will not apply to sequential class actions where the earlier denial of certification was based on a Rule 23 defect in the class itself."   *Yang*, 392 F.3d at 104; *see also id.* at 108, 110-11 (disallowing tolling when certification was denied on numerosity ground).   In the other case they discuss, *Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005), a district court had denied class certification without prejudice while ordering a new complaint to be filed that clarified the class definition for purposes of certification, and also allowed a new named plaintiff to join as the representative party.   *Id.* at 429-30.   Although the prior rejection of class certification was based in part on commonality problems, it also rested on a lack of typicality, *see id.* at 433, and the new plaintiff had replaced one who lacked standing to sue, *id.* at 428-30.   In any event, a court's decision to revisit or reconsider a tentative denial of class certification in a particular case while that case is pending does not appear relevant to the question of how the denial of class certification in a previous case should affect a subsequent class action.

Without helpful precedents, the plaintiffs attempt to shoehorn *Testwuide* to fit into those they have.   They maintain that the denial of class certification was not a "definitive ruling" on the suitability of the claims for class treatment, as the denial was due to the "proposed methodology for creating classes."   Pls.' Mem. of Law in Opp'n to Def.'s Mot. (Pls.' Opp'n) at 5.   The plaintiffs opine that "[d]enying class certification on the basis that the proposed methodology for identifying the class is inadequate is tantamount to denying the class because the class representative is inadequate or some other non-substantive reason."   *Id.* at 5-6.   Why this should be so is not really explained.   When the named representatives are found to be inadequate or to have claims that are not typical of those of the purported class, this is no reflection on the ability of different plaintiffs to prosecute the class claims.

But, as we saw above, the ruling in *Testwuide* had nothing to do with deficiencies in the named plaintiffs --- the particular circumstances of Carol and Robert Testwuide or any of the other eight named plaintiffs were not even discussed. *See Testwuide*, 56 Fed. Cl. at 763-66.   The problem with the proposed classes was that they, in the opinion of the judge presiding over the matter at that time, neglected to take into account factual differences that she felt would be relevant to the determination of whether avigation easements were taken.   *Id.* at 765-66. Regardless of whether one agrees with that analysis of the relevant precedents, the decision was clearly based on "the appropriateness of the substantive claims for certification," *McKowan*, 295 F.3d at 389, and did not depend on the identities of the named plaintiffs.   Although the decision did not explicitly state that the denial of certification was due to either a problem with commonality (as common questions did not predominate over factual differences concerning the height and location of the

jets' flight paths) or superiority (due to the difficulties in managing classes that might need to be subdivided on the basis of these factual differences), it is clear that these are the reasons the judge found class certification "entirely inappropriate" and the classes for which certification was sought "not viable." *Testwuide*, 56 Fed. Cl. at 765-66. Since "the earlier denial of certification was based on a Rule 23 defect in the class itself," *Yang*, 392 F.3d at 104, class action tolling cannot be used to allow the question of class certification to be relitigated.

The plaintiffs also argue that the *Testwuide* decision was not definitive, but instead "tantamount to a 'conditional' denial," Pls.' Opp'n at 7, because the judge acknowledged "there is substantial ground for difference of opinion on the issue of class certification," *Testwuide*, 56 Fed. Cl. at 767. She also noted that "[t]he Federal Circuit may deem it appropriate to expand existing precedent or apply existing precedent in such a manner as to render plaintiffs' proposed method of class certification viable," and accordingly certified the matter for interlocutory appeal. *Id.* But the fact that the judge sought immediate guidance from the Circuit on the issue does not make the decision to deny certification any less definitive from her perspective. *See id.* (noting "that a trial court may certify a question for interlocutory appeal while continuing to find that its own resolution of that question was correct"). To the contrary, a trial judge would hardly bother an appellate tribunal with a request to review a tentative decision.

Finally, the plaintiffs maintain that the *Testwuide* decision should not be considered definitive, because a court may "redefine the class at any point during the litigation." Pls.' Opp'n at 7. But the power of a judge to consider a revised class definition exists no matter the reason that certification was denied, including problems with numerosity, commonality, or superiority. Yet no precedent has been found allowing *American Pipe* tolling to preserve class claims when class-based problems were the reason for denying certification. And whether the court in *Testwuide* could have certified classes based on the location and height of jet flights relative to class members' property is beside the point, as no such certification was sought prior to that case's conclusion. Indeed, the classes proposed by the plaintiffs, although sorted and separated based on proximity to either NAS Oceana or NALF Fentress, continue to ignore the height and location of the flight patterns and rest solely on increased noise. *See* Compl. ¶ 5. Whether the *Testwuide* court could have certified different classes (that are not even proposed in this litigation) does not make the denial of certification any less definitive.

Class action tolling is not designed to allow putative class members to relitigate a prior determination that class claims were not suitable for certification. The government's motion to strike the class allegations from the complaint is **GRANTED**.

## III.   CONCLUSION

For the foregoing reasons, class action tolling cannot be used to extend the statute of limitations for the class claims that the plaintiffs seek to litigate. Defendant's motion to strike the class allegations from the complaint is **GRANTED**. The government's motion in the alternative, to dismiss the class claims, is thus moot and is **DENIED** accordingly.   The class allegations contained in paragraphs four through twelve of the complaint are hereby stricken as beyond our court's jurisdiction.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge